158

WATSON P. DAVIDSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46486.   Promulgated November 28, 1932.

*W. H. Oppenheimer, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

## OPINION.

LANSDON: The evidence is clear that the payment of attorneys' fees in the amount of $1,686.90 on May 4, 1927, was an expense incurred in securing three leases on real estate. This was a capital expenditure, amortizable ratably over the life of the leases. *Columbia Theatre Co.*, 3 B. T. A. 622; *Mary C. Young*, 20 B. T. A. 692; affd., 59 Fed. (2d) 691; *M. & F. Holding Corp.*, 26 B. T. A. 504.

The amounts of $2,000 and $650 paid by the petitioner as attorneys' fees and traveling expenses in 1927 in connection with his unsuccessful efforts to secure leases on additional acreage adjacent to the lands already acquired were ordinary and necessary business expenses, and are deductible as such from petitioner's income for the taxable year. Immediately following his acquisition of the tract of 11,631 acres covered by the first three leases and at a time when he was assured that he would secure a much larger adjacent tract on the same condition, the petitioner constructed a drainage ditch with capacity sufficient to serve the tracts already under lease and a considerable portion of the additional acreage which he then expected to secure. The ditch was completed at a cost of $14,709.84, all of which was paid in the taxable year. The evidence shows that a ditch large enough to drain the original tract could have been constructed at a cost not in excess of $4,000. The petitioner contends that the

difference between the amount actually expended and the cost of a ditch adequate to drain the lands already under lease was a loss in the taxable year. The evidence is clear that the excess ditch capacity was useless and of no value to the petitioner and that its cost was incurred in the confident expectation that the additional acreage would be secured. Changes in the policies and laws of the proposed lessors over which the petitioner had no control deprived the greater part of the drainage ditch of any value. In these circumstances we think the petitioner sustained a loss in 1927 in the amount of $10,709.84. This conclusion seems to be well supported by Commissioner's Regulations 74, article 173,[1] as well as by the conclusion in *Kilby Car & Foundry Co.*, 4 B. T. A. 1294; *Multibestos Co.*, 6 B. T. A. 1060; *Fraser Brick Co.*, 10 B. T. A. 1252; and *Ingle* v. *Gage*, 52 Fed. (2d) 738.

*Decision will be entered under Rule 50.*

---

[1] ART. 173. *Loss of useful value.*—When, through some change in business conditions, the usefulness in the business of some or all of the capital assets is suddenly terminated, so that the taxpayer discontinues the business or discards such assets permanently from use in such business, he may claim as a loss for the year in which he takes such action the difference between the basis (adjusted as provided in section 111 and article 561) and the salvage value of the property. This exception to the rule requiring a sale or other disposition of property in order to establish a loss requires proof of some unforeseen cause by reason of which the property has been prematurely discarded, as, for example, where an increase in the cost or change in the manufacture of any product makes it necessary to abandon such manufacture, to which special machinery is exclusively devoted, or where new legislation directly or indirectly makes the continued profitable use of the property impossible. This exception does not extend to a case where the useful life of property terminates solely as a result of those gradual processes for which depreciation allowances are authorized. It does not apply to inventories or to other than capital assets. The exception applies to buildings only when they are permanently abandoned or permanently devoted to a radically different use, and to machinery only when its use as such is permanently abandoned. Any loss to be deductible under this exception must be fully explained in the return of income.